DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DELMONT KING,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-3693

_____

September 26, 2025

Appeal from the Circuit Court for Hillsborough County; Samantha Lee
Ward, Judge.

Blair Allen, Public Defender, and Maura J. Kiefer, Special Assistant
Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alicia M.
Winterkorn, Assistant Attorney General, Tampa, for Appellee.

NORTHCUTT, Judge.

We affirm Delmont King's judgment and the related term-of-year
sentences. However, we remand for the trial court to strike King's
designation as a Dangerous Sexual Felony Offender (DSFO) on count
two.

The trial court originally imposed enhanced sentences as a DSFO
on all three of King's convictions under section 794.0115, Florida

Statutes (2021). It later amended the sentence on count three to remove the DSFO designation. King filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), attacking the DSFO designation and enhancement on counts one and two. The trial court denied the motion.

King then filed a second rule 3.800(b)(2) motion raising another basis to remove the DSFO designation and sentencing enhancement from count two. The trial court granted this second motion, ordering that King was "entitled to resentencing on count two of the instant case without the Dangerous Sexual Offender designation." However, the trial court did not fully follow through with its ruling when drafting the second amended sentence. This version reduced the sentence imposed on count two to a non-DSFO sentence, but it mistakenly retained the language "DEFENDANT IS A DANGEROUS SEXUAL FELONY OFFENDER" on that count.

The State concedes that the trial court committed a scrivener's error when it failed to remove the DSFO designation from count two. Moreover, the State does not challenge the merits of the trial court's intended ruling.[1] Consequently, we remand for the trial court to strike the DSFO designation from count two of King's sentence.

Affirmed; remanded with instructions.

---

[1] The State argues only that King should have to file a *third* rule 3.800(b)(2) motion to preserve this issue for appeal. We disagree. To preserve an issue for appeal, a party must raise the specific issue or legal argument and obtain a ruling. *See Rhodes v. State*, 986 So. 2d 501, 513 (Fla. 2008). King preserved the error in his sentence on count two when he moved the court to remove the DSFO designation and then obtained a ruling on that motion. He did not need to file yet another motion to challenge the trial court's continuation of an error he had already pointed out.

BLACK and SLEET, JJ., Concur.

————————————————

Opinion subject to revision prior to official publication.